## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **SURGE STAFFING, LLC** <br> 4 Easton Oval <br> Columbus, Ohio 43219 <br><br>       Plaintiff, <br><br>    v. <br><br> **EVA LOGISTICS, INC.** <br> c/o Jonathan Greaves <br> Statutory Agent <br> 25 Prospect Street <br> Windsor, Connecticut 06095 <br><br>    Also serve: <br>    c/o Jonathan Greaves <br>    Statutory Agent <br>    140 Charter Oak Drive <br>    Cheshire, Connecticut 06410 <br><br>       Defendant. | CASE NO.: <br><br> **<u>JURY DEMAND ENDORSED HEREON</u>** |

## **<u>COMPLAINT</u>**

For its Complaint against Eva Logistics, Inc. ("Eva Logistics"), Plaintiff Surge Staffing, LLC ("Surge") alleges and states as follows:

### **PARTIES, JURISDICTION, AND VENUE**

1. Surge is a limited liability company organized under the laws of Alabama, with its principal place of business located in Columbus, Ohio.

2. Eva Logistics is a corporation organized under the laws of Connecticut, with its principal place of business located in Windsor, Connecticut.

1

3. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over Eva Logistics because Eva Logistics consented to this Court's jurisdiction in the agreement between the parties that is the subject of this action.

5. Venue properly lies in this district under 28 U.S.C. § 1391(b) because the relevant agreement includes a forum selection clause identifying Franklin County, Ohio as the proper venue for any litigation resulting from the agreement.

## FACTS COMMON TO ALL CLAIMS

6. Surge is a national leader in staffing and workforce solutions with over 50 years of experience providing such solutions.

7. Eva Logistics is a warehousing and transportation company that provides crossdocking, general warehousing, inventory management, and middle and final mile transportation services.

8. On or about September 22, 2022, Surge and Eva Logistics entered into a Service Agreement (the "Service Agreement"). A copy of the Service Agreement is attached as Exhibit 1.

9. In the Service Agreement, Surge agreed to assign its employees to perform certain work for Eva Logistics described in Exhibit A to the Service Agreement. Surge also agreed to provide certain employer-related services described in the Service Agreement.

10. In consideration for Surge assigning its employees to Eva Logistics and performing the services described in the Service Agreement, Eva Logistics agreed to pay Surge at the rates set forth in Exhibit A to the Service Agreement.

11. Eva Logistics agreed to pay all invoices from Surge within 15 days of the invoice date.

12. Eva Logistics agreed to pay a $35.00 late fee and interest at the rate of 5% per month thereafter if any invoice was not timely paid.

13. In the event Eva Logistics disputed any portion of an invoice, Eva Logistics agreed to notify Surge of the dispute in writing within 14 days of the invoice date.  The parties agreed that if Eva Logistics failed to so notify Surge, Eva Logistics' "rights to invoice correction" would be "waived" and the invoice would "be treated as final."

14. Eva Logistics agreed to "reimburse Surge for any out-of-pocket expenses incurred to enforce [the Service Agreement], including but not limited to collection agency fees, court costs, and attorney fees."

15. Surge performed all services required of it under the Service Agreement, including, but not limited to, assigning its employees to perform work at Eva Logistics' facility in Franklin, Indiana, and paying the employees to perform that work.

16. Surge submitted invoices to Eva Logistics for the services rendered at the agreed-upon rates in the Service Agreement.

17. Eva Logistics did not notify Surge of any alleged invoicing error for any invoice within 14 days of the invoice date.

18. Beginning in or around December 2022, Eva Logistics ceased paying Surge any invoiced amounts.

19. Surge notified Eva Logistics of the outstanding amounts due under the Service Agreement and requested payment of the outstanding balance.

20. Despite demand for full payment, Eva Logistics has refused to pay Surge the outstanding amount owed.

21. The total amount currently owed by Eva Logistics to Surge under the Service Agreement is $822,502.92.

## COUNT ONE: BREACH OF CONTRACT

22. Surge hereby incorporates all of the foregoing allegations by reference as though fully set forth herein.

23. The Service Agreement is a valid and enforceable contract between Surge and Eva Logistics.

24. In the Service Agreement, Eva Logistics agreed to pay Surge for its services.

25. Surge has fully performed its obligations under the Service Agreement.

26. Eva Logistics has breached its obligations under the Service Agreement by failing to pay amounts owed to Surge.

27. As a result of Eva Logistics' breach, Surge has been damaged in an amount to be proven at trial, totaling no less than $822,502.92, plus interest that continues to accrue at the contract rate of 5% per month and attorneys' fees and costs incurred to enforce the Service Agreement.

## COUNT TWO: UNJUST ENRICHMENT (Alternative to Count One)

28. Surge hereby incorporates all of the foregoing allegations by reference as though fully set forth herein.

29. Surge conferred a significant benefit on Eva Logistics by providing the services set forth in the Service Agreement.

30. Eva Logistics was aware of the benefits conferred by Surge.

31. Eva Logistics has retained the benefits of Surge's services.

32. Under the circumstances, it would be unjust and inequitable for Eva Logistics to retain the benefits conferred by Surge without payment to Surge.

33. As a result of Eva Logistics' failure and refusal to pay Surge for its services, Eva Logistics has been unjustly enriched at the expense of Surge in an amount to be proven at trial, totaling no less than $822,502.92, plus interest, costs, attorneys' fees, and such other relief as this Court may deem appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Surge hereby demands judgment as follows:

a) Damages in excess of $822,502.92 in an amount to be proven at trial, including pre-judgment and post-judgment interest at the contract rate of 5% per month;

b) Attorneys' fees, expenses, and court costs; and

c) Such other and further legal and equitable relief as the Court deems just, equitable, and proper.

DATED this 3rd day of March, 2023.

Respectfully submitted,

*/s/ Todd M. Seaman*
Anthony C. White (0062146)
   Trial Attorney
Todd M. Seaman (0090839)
Thompson Hine LLP
41 S. High St., Suite 1700
Columbus, Ohio 43215
614.469.3200
614.469.3361 (facsimile)
Tony.White@ThompsonHine.com
Todd.Seaman@ThompsonHine.com

*Attorneys for Plaintiff Surge Staffing, LLC*

## DEMAND FOR JURY TRIAL

Plaintiff Surge Staffing, LLC hereby demands a trial by jury on all issues so triable.

*/s/ Todd M. Seaman*
One of the Attorneys for Plaintiff